KIRK *v.* STATE, 13 Smedes & Marshall, 407.

### NEGRO STEALING.

The neglect to mark on the indictment the name of the prosecutor, is a fatal objection.

Every error which would be fatal on demurrer, or in arrest of judgment, will be sufficient to procure a reversal.

Wills, after probate, are required to remain in the court of probates, and an authenticated copy is made evidence in all the courts of this state.

Error to Panola circuit court. ROGERS, J.

The facts of the case will be found in the opinion of the court.

*F. Anderson,* for plaintiff in error,

Insisted that there were fatal defects in the record, which he pointed out; and among others, no prosecutor is marked on the indictment.

*D. C. Glenn,* attorney general.

CLAYTON, J.:

This was an indictment in the circuit court of Panola, for negro stealing. Upon the trial, the defendant was found guilty, and sentenced to confinement in the penitentiary for ten years. A motion was made for a new trial, which was overruled, and the case thence comes to this court.

One only, of the errors assigned, is sufficient to reverse the judgment. There is no prosecutor marked upon the indictment.

According to several decisions of this court, that is a fatal objection.   Moore v. The State, ante, 259.

The only question as to this was, whether, in a case in which the writ of error was sued out to the refusal to grant a new trial, the objection could be taken in that stage of the proceedings. It would appear to have been thus taken in the case of Cody v. The State, 3 How., 27. And as the statutes of jeofails and amendments do not extend to criminal proceedings, it follows, that every error which would have been fatal on demurrer, or in arrest of the judgment, will be sufficient to procure its reversal. 1 Ch. Crim. Law, 751. The judgment must be reversed, and the indictment quashed, and the prisoner remanded to the county of Panola for a new indictment.

An objection was taken to the admission of a certain will in testimony upon the trial, which it may be important now to determine, as the point will probably arise on the next trial again. The objection is, that the will was admitted to probate upon insufficient testimony, and that the original should have been produced, or its absence accounted for, before the copy could be read.

Both these objections are conclusively disposed of by the statutes. One witness is sufficient to a will of personalty. Hutch. Code, 649. Wills, after probate, are required to remain in the court of probates, and an authenticated copy is made evidence in all the courts of the state. Ib., 650.

Judgment reversed.